F I L E D
Clerk
District Court

JUN 21 2021

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANNE M. ORLANDO,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS DEPARTMENT OF LANDS AND NATURAL RESOURCES DIVISION OF FISH AND WILDLIFE<br><br>    Defendant. | Case No.: CV 18-00015<br><br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [53]. |

Before the Court is a Motion for Summary Judgment (Dkt. 53) ("Motion" or "Mot.") brought by Defendant Commonwealth of the Northern Mariana Island ("CMNI") Department of Land and Natural Resources ("DLNR") Division of Fish and Wildlife ("DFW") ("government") ("Defendant"). After considering the papers and hearing the arguments raised by the parties, the Court DENIES Defendant's Motion.

## I. BACKGROUND

### A. Facts

Plaintiff Anne M. Orlando ("Plaintiff") brought her action against Defendant, her former employer, under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978. Complaint (Dkt. 1) ("Compl.") ¶ 1. DFW and Plaintiff formalized an employment contract for the period of February 9, 2015 to September 30, 2015. *Id*. ¶ 13. DFW renewed Plaintiff's contract twice for the periods of October 1, 2015 through September 30, 2016 and October 1, 2016 through September 30, 2017. *Id*. ¶¶ 15-16. The contracts provided for an annual salary of $50,000.00, monthly housing allowance of $800, annual leave, sick leave, advance sick and annual leave, health insurance coverage, and DFW agreed to pay for expatriation and repatriation. *Id*. ¶¶ 16-19, 21.

On February 2016, Plaintiff informed DFW that she was pregnant, and Plaintiff contends that Manuel Pangelinan ("Mr. Pangelinan"), former and current director of DFW, immediately removed Plaintiff from her field work despite Plaintiff's objection. *Id*. ¶¶ 22-24. Plaintiff alleges that in May 2016, she informed Mr. Pangelinan that she would need to travel to California in August 2016 because of her pregnancy. *Id*. ¶ 25. Plaintiff asserts that she asked for reasonable accommodations to conduct her work while in California, but Mr. Pangelinan initially denied her request. *Id*. ¶¶ 26-27. In July 2016, Mr. Pangelinan then approved Orlando to work limited hours during her time in California. *Id*. ¶ 28. Plaintiff flew to California to be near the hospital on August 2, 2016. *Id*. ¶ 30. Plaintiff submitted timesheets and leave forms to Defendants. *Id*. ¶ 31.

Plaintiff alleges that Defendants failed to pay her salary in a timely manner in some instances and failed to pay her altogether in others. *Id*. ¶ 32. According to Plaintiff, she repeatedly inquired with Defendants about her pay, and Defendants failed to response for significant periods of time. *Id*. ¶¶ 33-34. Plaintiff eventually resigned on May 23, 2017 after finding that she had been constructively terminated by Defendant. *Id*. ¶ 33. On June 14, 2017, Anthony Benavente, the former Acting Secretary of DLNR ("the Acting Secretary"), sent a certified letter to Plaintiff promising to pay salary or wages "earned and approved by the Division." *Id*. ¶¶ 61-62. Defendant eventually failed to make any payments to Plaintiff. *Id*. ¶¶ 63-73.

### B. Procedural History

Plaintiff filed a charge of discrimination for violation of Title VII of the Civil Rights Act of 1964 on April 18, 2017 and a retaliation charge on January 19, 2018 with the Equal Employment Opportunity Commission ("EEOC"). Compl. ¶ 55; Ex. A. to Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Dkt. 53-1) ("Mot. Mem.") at 2; Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. 56) ("Opp'n.") at 6. The EEOC dismissed Plaintiff's discrimination charge and issued her a right-to-sue notice dated June 15, 2017. Ex. B to Mot. Mem. (Dkt. 53-2) at 1. The right-to-sue notice stated that Plaintiff's "lawsuit must be filed WITHIN 90 DAYS of [her] receipt of this notice; or [her] right to sue based on this charge will be lost." *Id*. The EEOC also dismissed Plaintiff's retaliation charge and issued a similar right-to-sue notice, dated January 25, 2018. Ex. B-2 to Mot. Mem. (Dkt. 53-3) at 1. However, Plaintiff contends that she received the notice on February 12, 2018, not on January 28, 2018. *See* Opp'n at 6.

On May 4, 2018, Plaintiff filed a complaint for her discrimination and retaliation claims in federal court. *See* Compl. at 1. On August 13, 2020, Defendant brought its Motion for Summary Judgment on the basis that there is no genuine issue of disputed material fact that the

statute of limitation had expired on Plaintiff's claims. Mot. at 2. Plaintiff subsequently filed her Opposition to Defendant's Motion for Summary Judgment on August 26, 2020. Opp'n at 1. Defendant filed its Reply in Support of its Motion ("Reply") on September 2, 2020. Reply at 1.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex*, 477 U.S. at 323. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248–49. A "material fact" is one which "might affect the outcome of the suit under the governing law." *Id.* at 248. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible, evidence identifying the basis for the dispute. *See id.* The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme

Court has held that "[t]he mere existence of a scintilla of evidence … will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

### III.   DISCUSSION

In its Motion, Defendant argues that Plaintiff is time-barred from bringing her claims since Plaintiff did not file her lawsuit within ninety days of receipt of the right-to-sue notice. Mot. at 2. In opposition, Plaintiff contends that Defendant is equitably estopped from relying on the statute of limitations and, alternatively, that the statute of limitations does not apply to the instant facts. Opp'n. at 1. The Court addresses these arguments in turn.

Plaintiff succeeds in arguing that Defendants are equitably estopped from relying on the statute of limitations. Where a statute of limitation has expired, courts may apply equitable doctrines such as tolling or estoppel. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Equitable tolling requires that the plaintiff was excusably ignorant of the limitations period, whereas equitable estoppel focuses on the defendant's actions. *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir. 1987). A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied. *See Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981); *Atkins v. Union Pac. R.R. Co.*, 685 F.2d 1146, 1148 49 (9th Cir. 1982) ("[C]onduct or representations by the employer which tend to lull the employee into a false sense of security can estop the employer from raising the statute of limitations.").

Plaintiff successfully proves the first factor of equitable estoppel. On June 15, 2017, Plaintiff was forwarded a letter from the Acting Secretary for the DLNR stating that the government would accept Plaintiff's resignation and "would pay out [her] salaries, wages, and repatriation including shipping of household goods." Ex. X to Opp'n. (Dkt. 56-1) at 4. For the next several months after receiving this letter from the Acting Secretary, Plaintiff continued to inquire about the promised payments and refrained from bringing forth any lawsuits in reliance on these promised payments. *Id*. Therefore, Plaintiff did actually rely on the government's statements by failing to bring forth any lawsuits, and this reliance was reasonable since Plaintiff had already been expressly informed that she would be reimbursed. Defendant argues in its Reply that Plaintiff was merely informed that wages "earned and approved" by DLNR would be processed, and that at no point did the Acting Secretary ask Plaintiff to hold off on filing a lawsuit. Reply at 3-4. While Defendant is correct that equitable estoppel is relevant only "if the defendant takes active steps to prevent the plaintiff from suing in time" (*Santa Maria v. Pac. Bell*, 2020 F.3d 1170, 1177 (9th Cir. 2000) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-451 (7th Cir. 1990))), Defendant did take active steps here in preventing Plaintiff from suing.

During the period from June to December 2017, the government accepted Plaintiff's resignation, informed Plaintiff that she would be paid out all salaries, wages and repatriation, and responded for a short period to Plaintiff's inquiries by saying that any issues would be resolved promptly. Ex. X to Opp'n at 4. Meanwhile, towards the end of this period when the government became more unresponsive to Plaintiff, the government did not disclose the EEOC claim dismissal to Plaintiff and used improper means to lessen its potential payments to Plaintiff. Ex. X to Opp'n at 5; Decl. of Anne Orlando ¶ 6; Ex. Y to Opp'n at 1. These events, taken together, comprise a series of active steps taken by the government to affirmatively mislead Plaintiff and prevent her from suing in time. *Compare with Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) (holding that equitable estoppel did not apply because "Boyd was not affirmatively misled by a Postal Service official nor we he unaware of

the appropriate administrative procedures"). Indeed, in the instant case, equitable estoppel is appropriate since Defendant "lulled the plaintiff into believing that it was not necessary for [her] to commence litigation." *Cerbone v. Intl. Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985); *see Atkins*, 685 F.2d at 1148-1149*; Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959).

To the extent that Defendant argues there is no showing of fraudulent concealment since Plaintiff has failed to allege active conduct "above and beyond the wrongdoing upon which the plaintiff's claim is filed", this argument also fails. *See* Reply at 4. In this case, the wrongdoing upon which Plaintiff's claim rests is Defendant's representation that it would pay out all necessary salaries followed by its failure to actually make such payments. Compl. ¶¶ 62-74. However, Plaintiff has also alleged that Defendant actively chose to not disclose the dismissal of her EEOC complaint to Plaintiff. Specifically, Plaintiff has alleged that Defendant was aware of her EEOC complaint and that, on December 10, 2017, Plaintiff discovered from her liaison that the government had failed to send her the EEOC's dismissal of her complaint. Compl. ¶ 58; Opp'n at 4; Ex. X to Opp'n at 5. Indeed, Plaintiff's liaison mentioned to Plaintiff that she was "surprised that [they] didn't send her a copy." Ex. X to Opp'n at 5. Therefore, Defendant took additional steps "above and beyond" the initial misrepresentation to prevent Plaintiff from exercising her right to sue.

Plaintiff also successfully establishes the second element of equitable estoppel since the evidence demonstrates the government's improper purpose in making its representations to Plaintiff. Plaintiff submits in her sworn declaration that the government induced her husband, who is developmentally disabled, to sign a statement dated September 7, 2017 containing untrue statements that for "most of the time since mid-2015 [the husband had] been a homeless person." Decl. of Anne Orlando ¶ 6; Ex. Y to Opp'n at 1. During this period in late 2017, the government had been evading Plaintiff's inquiries regarding her salary payments while taking improper steps to compile evidence which would allow it to withhold payment to Plaintiff.

These actions demonstrate that the government had an improper purpose as it made its representations to Plaintiff. Finally, the purpose of the statute of limitations has also been met here since the timeline shows that Plaintiff was diligently trying to resolve her issues over the course of several months. Therefore, the goals of "providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh" were satisfied through Plaintiff's actions. *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018).

In summary, Plaintiff's allegations warrant the application of equitable estoppel because Defendant took affirmative steps to prevent Plaintiff from suing, Plaintiff's reliance on Defendant's representations was reasonable, and there is clear evidence demonstrating the government's improper purpose.

## IV. DISPOSITION

For the aforementioned reasons, the Court DENIES Defendant's Motion for Summary Judgment as to all claims.

DATED: June 18, 2021.

/s/David O. Carter
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE